**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SHANNON AND MADELINE DAVIS          CIVIL ACTION

VERSUS                              NO. 07-4202

TEACHERS INSURANCE COMPANY          SECTION B(3)

**ORDER AND REASONS**

Before the Court are Plaintiffs'(Rec. Doc. No. 64) and
Defendant's (Rec. Doc. No. 63) Post-Trial Memoranda in
regards to judicial interest. After review of the arguments
and applicable law, and for the reasons that follow,

**IT IS ORDERED** that interest be awarded from the date of
judicial demand.

Under Title 22 of Louisiana Revised Statutes, the
Insurance Code, Section 658 speaks to the payment and
adjustment of claims on policies such as the one at issue in
this case. Louisiana law provides that all insurers issuing
any type of contract... shall pay the amount of any claim
due any insured within thirty days after satisfactory proofs
of loss from the insured or any party in interest.[1] Failure
to make such payment within thirty days after receipt of
such satisfactory written proofs and demand may subject the
insurer to penalties.

---

[1] LSA-R.S. 22:658(A)(1).

The time-line applicable for awarding legal interest is bifurcated based upon whether the award is for damages or attorney's fees/penalties. Interest on damages is calculated from the date of judicial demand. Sher v. Lafayette Ins. Co., 988 So. 2d 186 (La. 4/ 8, 2008). This prejudgment interest "is meant to fully compensate the injured party for the use of funds to which he is entitled but does not enjoy because the defendant has maintained control over the funds during the pendency of the action. Sher v. Lafayette Ins. Co., 973 So. 2d 39, quoting Sharbono v. Steve Lang & Son Loggers, 97-0110 (La. 7/1/97), 696 So. 2d 1382, 1386.

Unlike interest on damages, interest on penalties does not accrue until after a judgment has been rendered. "Because awards of penalties and attorneys fees are not automatic..., but rather rest within the discretion of the [fact finder], they come due, if at all, only on the date of their award...; thus, such awards may not earn interest until after that due date." Sher v. Lafayette Ins. Co., 988 So. 2d 186, 203 (La. 4/8/08). In this case, the jury did not award the Davis's any penalties, so the only determination to be made is interest on the damage award.

Louisiana courts have routinely held that the "date of judicial demand" is the date that the petition or complaint was filed. See, e.g., Garlepied Transfer, Inc. v. Guaranty

Bank and Trust Co., 656 So. 2d 728, 738 (La. App. 5th Cir. 1995) (Date of judicial demand was date that original petition was filed, for purpose of determining date from which interest would be awarded; National Bldg. & Contracting Co., Inc. v. Alerion Bank and Trust Co., 832 So. 2d 341 (La. App. 4th Cir. 2002) (Finding that the date of judicial demand was the date that the petition was filed).

Plaintiffs cite several unpersuasive cases which they would have this Court consider; however, none of the cases have authority as the jurisprudence cited is not from Louisiana's Fourth Circuit. They also cite Sharbono as supporting their position; but in that case, the Louisiana Supreme Court made clear that prejudgment interest relates to funds that the defendant has maintained control over "during the pendency of the action." Sharbono, supra at 1386. No action was instituted until August 20, 2007; thus, no interest has accrued before that date.

Furthermore, in Sher, the Louisiana Supreme Court acknowledged Sharbono and its earlier discussion of interest. Therein, the Court held that "interest on damages ... run[s] from date of judicial demand." Sher, supra at 208. While Plaintiffs contend that this Court follow Louisiana Civil Code Article 2000, which suggests interest be measured from the "time the sum is due", in this

particular context, the due date is the date of judicial demand. <u>Sher</u>, like the case at the bar, arose out of the handling of an insured's damages after Hurricane Katrina; and the Court awarded interest on damages from the date of judicial demand. <u>Sher</u>, supra at 208.

In the case at the bar, where the Plaintiffs filed suit on August 20, 2007, Louisiana jurisprudence holds that to be the relevant date for determining judicial interest on the Davis's damage award of $73,167.00.

New Orleans, Louisiana this 29th day of October, 2008.

_____
**UNITED STATES DISTRICT JUDGE**