UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON AND MADELINE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4202** |
| **TEACHERS INSURANCE COMPANY** | **SECTION B(3)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's Motion for Judgment as a Matter of Law (Rec. Doc. No. 68) and Plaintiffs' Motion for Entry of Judgment (Rec. Doc. No. 73). After review of the arguments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Judgment as a Matter of Law (Rec. Doc. No. 68) is **DENIED** and Plaintiffs' Motion for Entry of Judgment (Rec. Doc. No. 73) is **GRANTED**.

<u>**BACKGROUND**</u>

This is a Hurricane Katrina case involving a residential property insured by Teachers Insurance Company ("Teachers"). A jury trial was held on this matter and on August 5, 2008, the jury returned a verdict in favor of the plaintiffs, awarding Shannon E. and Madeline B. Davis $50,000 for structural damage, $15,000 for contents, and $8,167 for additional living expenses for a total of $73,167.00 (Rec. Doc. No. 61-3). After both Plaintiffs' and

Defendant's counsel submitted post trial memorandum on the issue of legal interest, this Court ordered that legal interest be calculated from date of judicial demand (Rec. Doc. No. 65). The parties then disputed attorney's fees in connection with the deposition of Lonnie Smith since this Court ordered that the deposition of Lonnie Smith, an adjuster for the National Flood Insurance Program, occur at the defendant's expense, including reasonable attorney's fees incurred by the plaintiff. *See* Rec. Doc. No. 58. On January 15, 2009, this Court granted Plaintiffs' Motion for Attorney Fees and ordered that $945.00 in attorney's fees be paid. (Rec. Doc. No. 78).

Defendants now seek a Judgment as a Matter of Law. At the close of Plaintiffs' evidence during the August 4th and 5th jury trial, Teachers Insurance Company moved for a directed verdict on Plaintiffs' case in chief. (Trial Rec. Vol. 2, Tues., Aug. 5, 2008, pg. 101. Lines 24, 25 & pg. 102, lines 1-3). Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Teachers Insurance Company now moves this Court for a Judgment as a Matter of Law.

## **DISCUSSION**

Rule 50(a) of the Federal Rules of Civil Procedure provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis

to find for the party on that issue, the court may resolve the issue against the party; and grant a motion for judgment as a matter of law…" Fed. R Civ. P 50(a).

Plaintiffs are misguided in their contention that Teachers failed to comply with Rule 50(b). They argue it is well settled that a motion for directed verdict of judgment as a matter of law must be made at the close of all evidence. Plaintiffs suggest Defendants have waived their right to challenge the sufficiency of the evidence. They rely on *Delano –Pyle v. Victoria Cty., Tex.,* Tex., 302 F.3d 567, 572 (5th Cir. 2002), wherein the Fifth Circuit acknowledged that this Circuit "approaches such questions of technical compliance with 'liberal spirit….'" They declined however, to judicially rewrite the Federal Rules of Civil Procedure. However, Rule 50(b) of the Federal Rules of Civil Procedure was amended in 2006 to permit renewal of any Rule 50(a) motion for judgment as a matter of law, deleting the requirement that a motion be made at the close of all the evidence. This change responds to many decisions that have begun to move away from requiring a motion for judgment as a matter of law at the literal close of all the evidence. *See* Comments to 2006 Amendment.

Under Rule 50(b) the movant may file a renewed motion for

directed entry of judgment as a matter of law. In ruling on the renewed motion, the court may:(1) allow judgment on the verdict, if the jury returned a verdict;(2) order a new trial; or(3) direct the entry of judgment as a matter of law. However, the Fifth Circuit has made clear that "[a] party is entitled to judgment as a matter of law only 'only if the evidence points one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1099 (5th Cir. 2001)(quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)).

The Fifth Circuit has stated:

> In determining whether or not the evidence in a given case is sufficient to take the case to the jury over a motion for directed verdict, the evidence must be viewed in the light most favorable to the plaintiff, giving the plaintiff the benefit of every inference favorable to him which may be fairly drawn. It is not for the court to weigh the conflicting evidence or to judge the credibility of witnesses. Whenever the evidence is such that fair-minded men may draw different inferences therefrom, and reasonably disagree as to what the verdict should be, the matter is one for the jury.

*American Fidelity & Cas. Co. v. Drexler*, 220 F.2d 930 (5th Cir. 1955). "[M]otions for judgment as a matter of law should not be decided on the basis of which side has the better of the case…." *Leatherwood v. Houston Post Co.*, 59 F.3d 533 (5th Cir. 1995).

**Additional Living Expenses**

Defendants submit that there was not a preponderance of evidence on the issue of additional living expenses. They argue that there was no testimony to indicate that the premises were made uninhabitable by a covered peril. To the contrary, there *was* evidence to support the jury's verdict on this issue. Shannon Davis testified that the walls were wet from the floor to the ceiling; the ceilings had started to sag; all of the shingles were lifted; and the doors were "blown open."[1] Moreover, Page 269 of Exhibit 1, showed ceiling damage due to water intrusion.

Expert, Dr. Neil Hall testified that it is more likely than not that the damage to the ceilings and walls above 5 feet was attributable to wind driven rain. He also testified that the house would be uninhabitable from the damage from at least 90 days.[2] Additionally, Mr. Davis testified that he paid $3500 a month for 9 months while the home was being repaired.[3]

**Structural Damages**

Defendants contest the amount awarded by the jury for structural damage. They argue that the testimony of

---

[1] See Trial Transcript Volume I pages 97, 108, 116-117.
[2] See Trial Transcript Volume I, pages 257-259.
[3] See Trial Transcript Volume I, page 99.

Plaintiffs' expert, Dr. Neil Hall (expert engineer and architect), on whether wind or wind driven rain could have caused damage, is not sufficient. Dr. Hall testified that the Davis' home was damaged by wind and that the damage to the ceilings and walls above 5 feet was more likely than not attributable to wind driven rain which is a covered peril under the policy.

**Contents**

Dr. Hall testified that 51% of the contents were damaged as a result of wind and wind-driven rain.[4] Teachers submits that Plaintiffs failed to properly segregate the damages from flood as opposed to those from wind. Plaintiffs submitted identical contents list for items destroyed to both Teachers Insurance Company, and its flood insurance carrier. Defendant suggests the Davis' are attempting to be paid twice. However, Mrs. Davis testified that the list was simply a listing of all those things damaged during the storm. The jury awarded Plaintiffs $15,000 for contents. If one were to assume that everything below 60 inches was damaged only as a result of flood, as argued by Teachers, the remaining damaged contents totaled $20,265.[5] Thus a $15,000.00 award for contents could be fairly drawn from the testimony and evidence presented at trial.

---

[4] See Trial Transcript Volume I, page 263.
[5] See Trial Transcript Volume II, page 81.

## CONCLUSION

The jury here could have reasonably drawn inferences from the testimony and evidence submitted to support them to return a verdict in Plaintiffs favor in the amount of $73,167.00. "Whenever the evidence is such that fair-minded men may draw different inferences therefrom, and reasonably disagree as to what the verdict should be, the matter is one for the jury." *American Fidelity & Cas. Co. v. Drexler*, 220 F.2d 930 (5th Cir. 1955). It is the function of jury as a traditional finder of facts, and not the judge to weigh contradictory evidence, judge witnesses' credibility, receives expert instructions, and draw the ultimate conclusion as to facts. *Wright v. Paramount-Richards Theatres*, 198 F.2d 303 (5th Cir. 1952). The jury weighed contradictory evidence, listened to all witnesses and came to its own conclusions from the testimony and evidence provided. The jury had a legally sufficient evidentiary basis is so doing. Therefore, Defendant's motion fails and this Court must allow entry of judgment pursuant to Rules 50(b) and 58 of the Federal Rules of Civil Procedure.

Accordingly, **IT IS ORDERED** that Defendants Motion for Judgment as a Matter of Law is **DENIED** and Plaintiffs' Motion for Entry of Judgment is **GRANTED**.

New Orleans, Louisiana this 19th day of March, 2009.

                                                                     _____
                                                                  **UNITED STATES DISTRICT JUDGE**